# MICHAEL J. AVILES & ASSOCIATES, LLC
145 Hudson Street - Suite 5C
New York, New York 10013
----------------
Telephone (212) 307-0023
Telecopier (212) 307-0187

**VIA ECF AND EMAIL**  January 19, 2022

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

        Re:    *Hasan A. Khan v. United States of America*
                 Civ. No. 21-CV-1757 (Cronan, J.) (Aaron, M.J.)

Dear Judge Cronan:

      I represent the plaintiff Hasan Khan ("Mr. Khan" or "Plaintiff") in the above-referenced rear-end motor vehicle personal injury action, pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346(b), 2671, *et seq.* I write this pre-motion letter in accordance with your Honor's Individual Rule and Practice in Civil Cases Nos. 6.A and 1.A. Plaintiff anticipates filing a motion for summary judgment with respect to liability pursuant to Federal Rule of Civil Procedure 56(a). Fact discovery closed on December 17, 2021.

      The defendant United States of America ("Defendant") has admitted its employee, John J. Zerafa ("Mr. Zerafa"), was driving a vehicle, in the course of his employment with Defendant, when he rear-ended Plaintiff's vehicle. However, Defendant has refused to concede liability, yet offers no legally valid non-negligent excuse for the happening of this accident. It is Plaintiff's position that Defendant is negligent per se for this accident, as a violation of New York Vehicle & Traffic Laws ("VTL") §§ 1129(a), 1146, and 1180.

      VTL § 1129(a) states, "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon the condition of the highway." Mr. Zerafa additionally violated VTL § 1146 which imposes a duty of care upon drivers and requires them to avoid collisions on public roadways. Pursuant to VTL § 1146, any operator of a vehicle which causes physical injuries to another by failing to exercise due care will be rebuttably presumed to have caused said injury as a matter of law. Accordingly, motorists have an obligation to "see that which through proper use of (his) senses (he) should have seen." *Spatola v. Gelco Corp.,* 773 N.Y.S2d 101 (2nd Dep't 2004). *Batal v. Associated Univs.,* 293 A.D.2d 558, 559 (2nd Dep't 2002) (defendant "was obligated to see that which by the proper use of his senses he should have seen"); *Smalley v. McCarthy,* 254 A.D.2d 478, 478–79 (2nd Dep't 1998); *Weigand v. United Traction Co.,* 221 N.Y. 39 (1917). Here, Mr. Zerafa breached her duty to avoid colliding with Mr. Khan's stopped vehicle, which he should have reasonably seen, as it was directly in front of him stopped in traffic.

Moreover, VTL § 1180(a) states, "No person shall drive a vehicle at a speed greater than is reasonable and prudent under conditions and having regard to the actual and potential hazards then existing." Under these provisions drivers are "under a duty to maintain a safe distance between his or her car and the car ahead." *Volpe v. Limoncelli*, 74 A.D.3d 795, 796 (2nd Dep't 2010). Furthermore, there is "a duty on [drivers] to be aware of traffic conditions, including vehicle stoppages." *Sass v. Ambu Trans, Inc.*, 238 A.D.2d 570, 570 (2nd Dep't 1997). Indeed, even a "claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence." *Jumandeo v. Franks*, 56 A.D.3d 614, 615 (2nd Dep't 2008).

Thus, as Mr. Zerafa's employer, through FTCA 28 U.S.C. § 2671 et. Seq., Defendant violated VTL §§ 1129, 1146, and 1180 by failing to see Plaintiff's vehicle, failing to keep a safe distance from Plaintiff's vehicle, following too closely, failing to avoid collision on a public roadway, failing to exercise due to care, and as a result is liable for Plaintiff's injuries that resulted from the rear end collision.

Any person driving a vehicle on the roadway, should reasonably see the vehicle directly in front of them and should not take their eyes of the road. Mr. Khan's vehicle was entirely visible to Defendant and thus Defendant had an obligation to be aware of Plaintiff's vehicle and not to collide with Plaintiff's vehicle. Because Defendant cannot offer a legally valid, non-negligent excuse for the happening of this accident, summary judgment should be granted to the Plaintiff on the issue of liability. *See Andre v. Pomeroy,* 320 N.E.2d 853 (N.Y. 1974); *Ramcharan v. Angelo,* 47 N.Y.2d 930 (1979); *Abramowicz v. Roberto,* 220 A.D.2d 374 (2nd Dep't 1995) (holding driver approaching another vehicle from the rear is required to maintain control of his or her vehicle to avoid a collision).

Under the circumstances wherein the defendant is clearly liable, as in this hit-in-the-rear motor-vehicle collision, Plaintiff requested Defendant to concede liability so we would not need to burden the Court and unnecessarily multiply proceedings. However, Defendant has refused to concede liability and thus Plaintiff has no choice but to file a motion for summary judgment. Accordingly, Defendant has unnecessarily caused delay and Plaintiff to incur additional legal and expert fees. Plaintiff would be entitled to and may seek sanctions, attorneys' fees, and costs pursuant to 28 U.S.C. § 1927.

The proposed briefing schedule of this motion is as follows:
    Opening:    February 2, 2022
    Opposition:    February 23, 2022    [21 days after Opening Brief]
    Reply:    March 2, 2022    [7 days after Opposition Brief]

Thank you for your consideration of this request.

*[signature page follows]*

Respectfully,

**MICHAEL J. AVILES & ASSOCIATES**
*Attorneys for Plaintiff*

_____
Natascia Ayers, Of-Counsel
145 Hudson Street, Suite 5C
New York, New York 10013
Tel: (212) 307-0023
natascia@nayerslaw.com

cc: Defendant's Counsel (via ECF and email)