

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 24, 2022

**VIA ECF & EMAIL**
The Honorable John P. Cronan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Khan v. United States,* 21 Civ. 1757 (JPC)

Dear Judge Cronan:

      I represent the United States (the "Government") in the above-referenced case brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. arising out of a June 13, 2018 motor vehicle accident.  I write in response to Plaintiff's January 19, 2022 letter (ECF No. 36) seeking the scheduling of summary judgment motion practice as well as the filing of a motion pursuant to 28 U.S.C. § 1927 for sanctions, attorney's fees, and costs.

      **I.**    **The Government's Position on Liability**

      Plaintiff brings his claims pursuant to the FTCA.  In actions brought under the FTCA, a plaintiff may recover for "injury or loss of property, personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government, while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant, in accordance with the laws of the place where the act or omission occurred."  28 U.S.C. §1346(b)(1).  Accordingly, because the collision occurred in New York, New York law applies.  *See Molzof v. United States*, 502 U.S. 301, 305 (1992).  New York follows the principle of contributory negligence whereby a plaintiff's damages are diminished in the  proportion to his own culpable conduct.  N.Y. C.P.L.R. § 1411.

      While, under New York law, summary judgment is technically available in negligence cases, including automobile accidents, *see Andre v. Pomeroy*, 35 N.Y.2d 361, 364 (1974), because of the inherently factual nature of negligence, it is rarely appropriate, *see Deraffele v. Kennedy*, No. 04 Civ. 5797 (CLB), 2005 WL 1023224, at *1 (S.D.N.Y. Apr. 15, 2005).

      Further, even though a rear-end collision with a stopping or stopped vehicle constitutes a *prima facie* case of liability, *see* N.Y. Veh. & Traf. Law § 1129(a), the driver of the rear car can rebut this presumption by offering a non-negligent reason for the accident, such as evidence that the plaintiff contributed to the accident, *see Brodie v. Global Asset Recovery*, 12 A.D.3d 390 (2d Dep't 2004).  Accepted non-negligent explanations include "mechanical failure, *a sudden stop of the vehicle ahead*, an unavoidable skidding on a wet pavement, or any other reasonable cause." *Filippazzo v. Santiago*, 716 N.Y.S.2d 710, 711 (2d Dep't 2000) (emphasis added).

Accordingly, various New York courts have held that a Plaintiff contributes to an accident by stopping suddenly. *Drake v. Drakoulis*, 304 A.D.2d 522, 523 (2d Dep't 2003); *Tripp v. Gelco Corp.*, 260 A.D.2d 925, 926 (3d Dep't 1999) (stating that testimony that the Plaintiff's vehicle came to an "abrupt and sudden stop" was sufficient to present a non-negligent reason to overcome the presumption of negligence); *Rosa v. Colonial Transit, Inc.*, 276 A.D.2d 781, 781, 715 N.Y.S.2d 426, 427 (2d Dep't 2000) ("a triable issue of fact exists as to whether the driver of the stopped bus ... contributed to the accident by making a sudden stop") (citations omitted); *Martin v. Pullafico*, 272 A.D.2d 305, 707 N.Y.S.2d 891 (2d Dep't 2000) ("In this case, there are triable issues of fact as to whether ... the plaintiffs' vehicle stopped suddenly, thereby contributing to the accident. Accordingly, the court properly denied the plaintiffs' motion for partial summary judgment.") (internal citations omitted); *Mohamed v. Town of Niskayuna*, 267 A.D.2d 909, 910, 700 N.Y.S.2d 551, 552 (3d Dep't 1999) ("Evidence that the vehicle which was rear-ended came to a sudden and abrupt stop will defeat summary judgment.") (citations omitted); *Niemiec v. Jones*, 237 A.D.2d 267, 268, 654 N.Y.S.2d 163, 165 (2d Dep't 1997) ("Where a defendant contends that the vehicle in front of him came to an unexplained sudden stop, questions of fact are raised that should be submitted to the jury.") (citations omitted); *DeCosmo v. Hulse*, 204 A.D.2d 953, 954, 612 N.Y.S.2d 279, 281 (3d Dep't 1994) ("we conclude that although defendant was under a duty to maintain a safe distance between these vehicles, plaintiff's alleged sudden stop in traffic conditions then existing would be a sufficient non[-]negligent explanation proffered by defendant to preclude an award of summary judgment"); *Kienzle v. McLoughlin*, 202 A.D.2d 299, 610 N.Y.S.2d 771 (1st Dep't 1994) ("a reasonable jury could have credited defendant's testimony that plaintiff came to a sudden stop after being cut off by a third vehicle, and found that defendant, therefore, was not negligent in striking plaintiff's vehicle"); *Marx v. Pross*, 197 A.D.2d 800, 801, 603 N.Y.S.2d 84, 85 (3d Dep't 1993) (affirming jury verdict holding party partially at fault for "suddenly stopping" prior to rear-end collision).

Federal courts applying New York law have denied plaintiffs' summary judgment motions on the grounds that the defendant offered evidence that the plaintiff's vehicle stopped short. *See Deraffele*, 2005 WL 1023224, at *1 (denying summary judgment where defendant claimed plaintiff came to a sudden stop); *Maizous v. Garraffa*, No. 00 Civ. 4895 (ILG), 2002 WL 1471556, at *4 (E.D.N.Y. Apr. 30, 2002) (same).

The evidence adduced in this case establishes that, while driving to work on June 13, 2018, John Zerafa, a New York Police Department Officer, commissioned to a task force with the Federal Bureau of Investigation ("FBI") rear-ended Plaintiff's vehicle in the vicinity of the Robert F. Kennedy Bridge. The Government has conceded that Mr. Zerafa was acting within the scope of his employment with the FBI the time of the accident (*see* ECF No. 15 at ¶ 6) and is not contesting the fact that Mr. Zerafa rear-ended Plaintiff's vehicle, which it has indicated to Plaintiff's counsel on numerous occasions. Nevertheless, there is documentary evidence in this case, including the police report and FBI interview memorandum of Mr. Zerafa, indicating that Plaintiff's vehicle "stopped suddenly." Because this evidence may establish a non-negligent explanation for the accident, or some amount of contributory negligence on the part of Plaintiff, the Government has sought to reserve its right to make such argument and has been unwilling to concede liability for this accident, by way of stipulation.

## II.     Plaintiff Is Not Entitled to Sanctions, Attorney's Fees, or Costs

To the extent Plaintiff's letter is construed as a requesting leave to file a motion for sanctions, attorney's fees, or costs, pursuant to 28 U.S.C. § 1927, such request should be swiftly denied. At the outset it is worth noting that § 1927, by its terms, permits the award of excess costs, expenses, and attorney's fees, but not sanctions. Further, § 1927 permits the court to make an attorney personally liable for the opposing party's fees and costs only when such attorney "multiplies the proceedings in any case unreasonably and vexatiously." The Second Circuit has held that "[a] sanctions award under § 1927 requires a showing that an 'attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay,' and 'a finding of conduct constituting or akin to bad faith.'" *Knopf v. Esposito*, 803 F. App'x 448, 456 (2d Cir. 2020) (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (internal quotation marks and citations omitted)).

Plaintiff's claim that he is entitled to sanctions, attorney's fees, and costs is entirely unfounded. Plaintiff asserts that the Government refusing to concede liability "has unnecessarily caused delay and Plaintiff to incur additional legal and expert fees." (ECF No. 36 at 2). In refusing to stipulate to concede liability, the Government merely seeks to reserve its right to raise colorable defenses and make arguments about contributory negligence. That the result of such position is that the Plaintiff may be forced to meet his burden of proof and persuasion by establishing liability on summary judgment or at trial plainly does not evidence an improper purpose or bad faith on the part of the Government's counsel.[1]

Additionally, Plaintiff's claim that the Government's refusal to stipulate to concede liability has somehow forced Plaintiff to incur additional expert fees is specious. Plaintiff's counsel has not disclosed any expert who is going to opine on liability nor has Plaintiff's counsel indicated to the Government that she intends to hire an expert on liability.[2] Plaintiff's counsel has indicated only that she plans to hire a life care planning expert, who would presumably opine on Plaintiff's future medical treatment. The opinion of a life care planning expert would be relevant only as to the Plaintiff's damages. Thus, the Government position on liability has not caused Plaintiff to expend any additional expert fees.

Accordingly, the Government would oppose Plaintiff's motion for summary judgment and any motion for sanctions, attorney's fees, and costs, pursuant to 28 U.S.C. § 1927.

Thank you for your attention to this matter.

---

[1] It is worth noting that Plaintiff did not serve the Government with requests for admission pursuant to Fed. R. Civ. P. 36, or some other discovery request, by which he could establish the facts necessary to make his liability argument.

[2] To date, the Government is the only party that has disclosed the identity of any expert in this case: the Government hired two orthopedic surgeon experts, whose identities were disclosed to Plaintiff's counsel on December 3, 2021, and who have already conducted independent medical examinations of Plaintiff. The Government anticipates that it may file its own summary judgment motion upon the completion of expert discovery.

                                        Respectfully,
                                        DAMIAN WILLIAMS
                                        United States Attorney

By:    */s/ Tara Schwartz*
        TARA SCHWARTZ
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Office: (212) 637-2633
        Mobile: (646) 341-3711
        Email: tara.schwartz@usdoj.gov

Cc: Plaintiff's Counsel (via ECF)